Gubia per

Nott, J.

The grounds taken in support of this motion present but'two questions for the considerations of this Court:
1st. Whether the entry of the Clerk, of the order for a nonsuit in the case of Baker against Stazinsky, was admissible as evidence of the termination of the cause?
2nd. ' Whether the presiding Judge did not err in charging the Jury, that the plaintiff, by - suffering a nonsuit,, virtually discharged Stazinsky from imprisonment, and that that fact proved that he had sustained no injury.
1st. There can be no question, that out of the Court in which the proceedings are had, a regular judgment is the only legitimate evidence of the termination of a cause, for the obvious reason that the non production of the judgment would furnish a presumption that an intermediate or interlocutory order had been reversed or set aside; but this reason does not apply in cases where the proceedings are had in the same Court in which they are offered in evidence; for in legal contemplation, the whole record is before the Court, and in reality are always at the command of the Court, and for that reason, it is not necessary in pleading to make proferí of a record of the same Court. Í should apprehend, therefore, that whatever was calculated to prove that the plaintiff could not have proceeded in his cause against Stazinsky was admissible as evidence of its termination. Had the plaintiff *376 the legal right, and would he have been permitted to' proceed with this order staring him in the face, although no formal judgment had been entered up ? I think not; for although the order could not have been strictly pleaded in bar, the Court would have stayed the proceedings' and given the defendant leave to enter up his judgment; and precedents are not wanting in which this Court have permitted the amendment and periection of a record, according to the truth of the case, even áfterthe trial below, and would do so now, if it was necessary to the justice of the case.
2nd. In connection with the second question, it will be necessary to premise that Stazinsky was arrested by the defendant on mesne process, at the suit of the plaintiff, on the 20th December, 1820. That he filed a petition praying for the benefit of the Prison Bounds Act, accompanied by a schedule of his estate and effects, and upon the trial of an issue made up on a suggestion of fraud, he was found guilty in having kept back $1500 which he had in cash, and that subsequently to these proceedings, to wit, on the 15th April, 1821, he made his escape from the prison. The plaintiff also proved on this trial, that Sta-zinsky was indebted to him the amount for which he was arrested, $812, besides interest. The order for a nonsuit was entered on the 11th June, 1823, more than two years after Stazinsky had escaped. There is no question, and, indeed, it is not controverted, that on the escape' of Sta-zinsky, the plaintiff was entitled to an action against the defendant, and that he was not bound to prosecute that action further, and although he might do so if he had been delayed, or suffered any other loss in consequence of it, he was still entitled to recover from the defendant to that extent (see the cases cited, 1 Saunders, 331; 2nd Wilson, 294; 5th Johnson’s Rep. 182;) and in all these eases the question necessarily is, what damage has the plaintiff *377 sustained ? It is said, and that is in effect tbe error complained of, in the charge of the presiding Judge, that the nonsuit is conclusive evidence that the plaintiff has sustained no injury, and was not, therefore, entitled to recover. A nonsuit is clearly not decisive of the right of the plaintiff to recover. He may bring a new action for the same cause, and the judgment of rionsuit will not be a bar. It could not, therefore, be conclusive as to the fact, Shat Stazinsky was not indebted to the plaintiff in'the sum for which he was arrested. But the argument'principally relied on, and which I have no disposition to avoid, is, that a nonsuit being the result of those proceedings, it follows that if Stazinsky had remained in custody, the plaintiff would not have recovered against him in that action, and, therefore, has sustained no injury. A nonsuit, strictly speaking, is the voluntary act of the plaintiff, and the. judgment is founded on his supposed neglect to bring on the issue to be tried according to the, course and practice of .the Court; and judgment, as in case of nonsuit, is awarded in those' cases, when the plaintiff fails to prove the facts necessary to support his action. Now, let us suppose that the plaintiff was guilty of a default, and was, therefore, nonsuited, or that he had failed to prove the facts necessary to support his action, or what sometimes happens, that he has been properly' nonsuited; and how, I would ask, is the situation of the plaintiff rendered worse, or the defendant’s better. The fact of Stazinsky’s escape rendered the defendant legally liable, and the defendant might have maintained an action against him — 2d. Esp. 239. The plaintiff was not bound to pursue him, and whether he abandoned the pursuit in the instant, or two years after, cannot be material; if the right to abandon once existed, it still remained. Was he nonsuited for defect of proof? or was the nonsuit improperly granted? What is it that imposes on him the obligation to *378 incur tbe expenses of preparing for trial in the one ease, or of prosecuting an appeal in the other, if (as is said to be the fact) Stazinsky had escaped beyond his reach ? If, as is supposed, the law imposed this obligation on him, it would necessarily have imposed on the defendant the corresponding obligation to indemnify him for those expenses, and so far from benefiting the defendant, he would have been prejudiced by it. So far, therefore, from the nonsuit being conclusive evidence that the plaintiff had sustained no injury, it is rebutted by the proof oí the debt due by Stazinsky, and does not weigh a feather.
A question not necessarily involved in the preceding view is raised in the third ground of the brief. It is for the supposed misdirection of the J udge in charging the Jury, that a defendant, on mesne process, is entitled to be discharged on a nonsuit ordered, although he has been convicted of rendering a fraudulent schedule on an application for the benefit of the act. About this, I think,, there can be no question. The object of his confinement was, that his body might answer the plaintiff’s suit; when that was atan end, the Sheriff had no authority to detain, him longer. ■ ■ Motion granted.